UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CALE JOHN DAYTON, | ) |
| | ) |
|         Plaintiff | ) |
| | ) |
| v. | ) Civil No.  08-77-B-W |
| | ) |
| JIM FOSS, et al., | ) |
| | ) |
|         Defendants | ) |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Plaintiff, an inmate at the Aroostook County Jail, Houlton, Maine, seeks leave to proceed *in forma pauperis*.  The Application to proceed *in forma pauperis* has been completed and is accompanied by an Inmate Account Activity Ledger from the facility.  A review of the ledger indicates that the applicant has a negative balance of -0.03 as of February 14, 2008; that over the last six months the average deposits have been $39.17 and the average monthly balance has been $16.95.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available.  An initial partial filing fee is hereby ASSESSED in the amount of $7.83.  In the event Plaintiff elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded by the institution as soon as funds are available. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until such time as the entire filing fee of $350.00 has been paid.  Plaintiff is advised that, in the event he is released

from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

Further, Plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee.  28 U.S.C. § 1915(g).

I strongly caution Dayton, before he decides to assume the responsibility for the filing fee in this case, that he consider that his complaint is susceptible to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915a(b)(1) because – in view of Dayton's relatively minor complaint about medical care -- it fails to state an Eighth Amendment claim.  "In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court established that an Eighth Amendment claim of 'cruel and unusual punishment' based on medical mistreatment requires more than 'an inadvertent failure to provide adequate medical care' and must involve 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'"  Feeney v. Correctional Medical Services, Inc., 464 F.3d 158, 161-62 (1st Cir. 2006) (emphasis added) (quoting Estelle, 429 U.S. at 105-06 and citing Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir.1985)).  "'Deliberate indifference' thus defines a narrow band of conduct in this setting.  In Layne v. Vinzant, 657 F.2d 468 (1st Cir.1981)," the First Circuit "stated that even a jury finding of 'treatment substandard,

even to the point of malpractice, is not the issue.'" Id. at 162 (quoting Layne, 657 F.2d at 474). "Ferranti v. Moran, 618 F.2d 888 (1st Cir.1980), [held] that when a plaintiff's 'allegations simply reflect a disagreement on the appropriate course of treatment[, s]uch a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation.'" Id. (quoting Ferranti, 618 F.2d at 891 and citing Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir.1991)). "The care provided must have been '"so inadequate as to shock the conscience."'" Id. (emphasis added) (quoting Torraco, 923 F.2d at 235, quoting Sires v. Berman, 834 F.2d 9, 13 (1st Cir.1987)).

Now therefore, Plaintiff shall notify the Court no later than April 2, 2008, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time. If Plaintiff elects to proceed, the written notification shall clearly indicate that Plaintiff understands his obligation to pay the full $350 filing fee as funds are available, and that he nevertheless wishes to proceed with the action. Failure to fully comply with this Order will result in the issuance of a recommendation to dismiss the Complaint. A copy of this Order shall be forwarded to the Business Office of Aroostook County Jail, Houlton, Maine, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

SO ORDERED.

Dated March 12, 2008.   /s/ Margaret J. Kravchuk
　　　　　　　　　　　　　U.S. Magistrate Judge